KLINE

*v.*

TRIPLETT *et al.*

(*Supreme Court of Appeals of Virginia, Sept. 24, 1896.*)

[25 S. E. Rep. 886.]

**Conveyance to Insolvent Husband as Trustee—Consideration by Husband—Subject to His Debts.**

Property conveyed to an insolvent purchaser as trustee for his wife, the consideration being paid by the husband, becomes subject to the lien of a judgment against him, which is not divested by a return and cancellation of the deed, which is unrecorded.

**Same—Same—Same—Vendor's Lien.**

An insolvent purchaser of property, who had paid a part of the price, and taken a deed to himself as trustee for his wife, in which a vendor's lien was reserved, not having recorded such deed, surrendered it, and caused another to be made by his vendor to a third person, who paid the remainder of the purchase money, as security for its repayment and for other indebtedness: *held* that, as against a judgment creditor of the purchaser, the grantee became subrogated to the vendor's lien to the extent of the payment advanced, but that, as to the remaining indebtedness secured, his lien was subject to that of the judgment.

**Chancery Practice—Failure to Amend Bill—Case at Bar.**

In an action by a judgment creditor to subject property to his judgment, on the ground that an unrecorded deed of the property to the debtor had been fraudulently surrendered and canceled, where the evidence showed that the deed was to the debtor as trustee for his wife, and the heirs of the wife, who was dead, were then made parties, and evidence taken as to such provision in the deed, a decree holding the provision fraudulent and void as against the complainant will not be reversed because the bill was not amended to charge the fraudulent character of the deed.

Appeal from circuit court, Rockingham county; William McLaughlin, Judge.

Action by Triplett and others against Kline and others. From the decree, defendant Kline appeals. Affirmed.

*John E. Roller*, for appellant.

*Ed. S. Conrad*, for appellees.

RIELY, J., delivered the opinion of the court.

It appears from the record that Samuel Zigler sold the house and lot described in the bill to Joseph S. Miller, for the sum of $450, and conveyed it to him as trustee for Emma S. Miller, his wife, on December 1, 1880; the vendor's lien for the purchase money being reserved on the face of the conveyance. The evidence shows that Mrs. Miller was wholly without means or property, and paid no part of the purchase money. It also shows that Miller himself paid off the bond for the first installment of the purchase money, but does not sustain the claim of the counsel for the appellant that he made such payment, with the proceeds of property and labor which he was entitled to hold under the law as exempt from liability for his debts. Such statement appears in the answers of certain of the defendants, but it is affirmative matter, not responsive to any allegation of the bill, and is unsupported by any testimony. The bond for the other installment of the purchase money was paid by M. B. E. Kline, the appellant, upon an agreement with Miller that the land should be conveyed to him to secure the amount so paid and other debts that Miller owed him. The judgment in favor of J. I. Triplett, the plaintiff in the bill, was confessed by John S. Miller on October 7, 1880, and docketed on October 8, 1880, and thereby became a lien from that time on any real estate which Miller then owned or to which he thereafter became possessed or entitled,

even against a purchaser for value. It clearly appears from the testimony that Miller was insolvent at the time of the conveyance of the house and lot to him, as trustee for his wife. He could not, therefore, acquire the property, and settle it on his wife, free from liability for his debts. Such conveyance, in so far as it purported to vest in Mrs. Miller the equitable title or any interest in the property, was, as to the existing creditors of her husband, clearly void ; and the house and lot became immediately liable to be subjected to the payment of the judgment of the plaintiff upon its conveyance to Miller by Zigler, subject, however, to the vendor's lien for the purchase money. Miller never recorded the deed made to him by Zigler for the house and lot, and, after the death of Mrs. Miller, returned the deed to Zigler, and had him convey on January 22, 1885, the property to the appellant. While the deed from Zigler to Kline is an absolute conveyance, it is shown by the evidence that it was simply intended to be a mortgage, and to secure to Kline the part of the purchase money for the house and lot which he had paid for Miller, and other debts for Miller to Kline. The return to Zigler of the deed he had made to Miller, as trustee for his wife, in order that Zigler might convey the property to Kline in accordance with the agreement between Miller and Kline that, if the latter would pay off the bond for the last installment of the purchase money, the property should be conveyed to him to secure the amount he should so pay and other indebtedness of Miller to him, could not divest the title that was in Miller under the deed, and invest Kline with a good title ; yet, having paid off the said bond, he thereby became entitled, in equity, to the first lien upon the land for the purchase money so paid, but not for the other debts Miller owed him. Subject to such lien, the residue of the purchase money having been paid by Miller himself when he was insolvent, the plaintiff Triplett and the other creditors of Miller, who recovered judgments against Miller prior to the date of the deed from Zig-

ler to Kline, were entitled to subject the house and lot to the payment of their judgments in the order of their priority ; and the circuit court so decreed.

It was claimed by the appellant that Miller made the payment on the property, and paid for the improvements put upon it, with his (the appellant's) money, and that he was therefore entitled to hold the property under the deed from Zigler free from liability for the judgment of the plaintiff. It does not satisfactorily appear from what source Miller obtained the moneys he so used, though the evidence proves that he was in business with the appellant about that time, and tends to show that he received pecuniary assistance from him. It may be, as was claimed, that, upon a settlement of their business matters, Miller would have been found indebted to the appellant. Still, no trust relation is established, nor such use by Miller of moneys belonging to the appellant shown as would entitle the latter to claim the property itself, or give him a lien thereon for such indebtedness, superior to the judgments recovered against Miller prior to the conveyance from Zigler.

Among other reasons urged by the counsel for the appellant for the reversal of the decree was that, it appearing that the deed from Zigler to Miller was made to him as trustee for his wife, and not merely to himself, the court should not have decreed a sale of the land unless the conveyance in that form was impeached as fraudulent. The bill set forth that Miller bought the house and lot from Zigler, and received a deed for it, but never recorded it, and that Zigler afterwards conveyed the property to Kline. It charged that the failure of Miller to record his deed, and the subsequent conveyance of the house and lot to Kline, constituted a fraud upon the plaintiff, and prayed that the deeds from Zigler to Kline, and from Kline to Compton, trustee, be declared null and void, and the house and lot be subjected to the payment of his judgment. Upon its appearing that the deed from Zigler to Miller was made to him

as trustee for his wife, the court caused her heirs to be made parties defendant, and the parties thereupon took their testimony upon the matters involved. It was proved, as hereinbefore stated, that Mrs. Miller had no estate of any kind, and paid no part of the purchase money for the property; and, although Miller had it conveyed to him as trustee for her, he himself paid all of the purchase money, except the last payment, which was paid for him at his request by Kline. The issue of fraud was presented by the bill. All persons interested were made parties, and the testimony taken. To reverse the decree of the court below because the conveyance, in the particular form it was taken by Miller, as disclosed by the evidence, was not impeached as fraudulent by an amended bill, would be to do so for a bare formality, which in no wise affects the appellant.

The deed from Zigler to Miller, as trustee for his wife, not having been recorded, but returned and canceled, the trustee, G. F. Compton, in the deed of trust made to him by Kline, could not be affected with constructive notice of it. He averred in his answer that he did not have actual notice of the said conveyance, and claimed that he was a bona fide purchaser for value, without notice. There is no evidence to the contrary. He was not aware that Miller had any interest in the property, and his title is apparently good and unaffected by the lien of the judgments recovered against Miller ; but, for some reason unexplained by the record, neither the commissioner who took the account of liens, nor the court, in its decree, took any notice of any right in the trustee or in the creditors secured in the deed of trust. They have not appealed, however, and do not complain of the decree appealed from, but acquiesce in it. Perhaps the debts so secured, though the record does not show it, have been discharged.

For the foregoing reasons, the decree of the circuit court must be affirmed.