# Richmond.

NELSON & WIFE v. TURNER AND OTHERS,

and

SAME v. MARYLAND LIFE INS. CO. & OTHERS.

MARCH 30, 1899.

1. CONTRACT FOR SALE OF LAND—*Rescission—Effect of Judgment Against Vendee.*—Where a contract for the sale of real estate has been rescinded by a competent court having jurisdiction of the parties and of the subject, and the vendor and vendee have been restored to their former rights, judgments against the vendee do not attach as liens to said real estate. It is immaterial whether the contract was rescinded because of fraud in its procurement, or the failure of the vendee to comply with his contract.

2. TRUSTEES—*Sale Under Deed—Prior Judgment—Application of Purchase Money—Liability of Trustee.*—Where a trustee in a deed of trust to secure a debt has sold the trust subject, and has faithfully executed the trust reposed in him and disbursed the funds that came into his hands in the payment of the debt secured and the expenses of sale, he cannot be held responsible for the proceeds of such sale by a prior judgment creditor whatever may be the rights of such creditor against the land itself.

3. JUDGMENTS—*Successive Alienations of Land—Order of Liability.*—Lands being liable for judgments in the inverse order of alienation, those primarily liable should be first exhausted before proceeding against a purchaser whose land is only secondarily liable.

Appeal from a decree of the Circuit Court of Fauquier county pronounced April 29, 1897, in two suits heard together, in one of which Mary M. Turner was the complainant, and in the other the appellee Maryland Life Insurance Company was the com-

plainant, and in both of which the appellants and others were
defendants.                                        *Reversed.*

The appellant Joseph H. Nelson had made three deeds of trust
to secure creditors, two on September 7, 1882, and one on
August 20, 1886. One of the deeds of September 7, 1882, con-
veyed two tracts of land to A. D. Payne, trustee, to secure the
Turner debt of $2,000, which was subsequently reduced to judg-
ment, and which is sought to be enforced in the suit of *Turner*
v. *Nelson.* The other deed of September 7, 1882, conveyed
another tract of land to A. D. Payne in trust to secure Lewis
Porter a debt of $1,000; and the deed of August 20, 1886, con-
veyed to A. D. Payne real estate not conveyed by either of the
other deeds in trust to secure a debt of $1,500 to the Maryland
Life Insurance Company. Judgment was recovered by H. R.
Garden, Commissioner, against Joseph H. Nelson in September,
1881, for the sum of $707.47. After the recovery of this judg-
ment Nelson contracted to purchase of one Packwood his tract of
land known as "Woodstock," but the contract of sale was sub-
sequently rescinded by a decree of a court having jurisdiction of
the parties and of the subject matter, and the parties restored to
their former positions.

The object of the Turner suit was to subject the lands of
Nelson to the payment of the liens thereon. In this suit the
debt of the Maryland Life Insurance Company was proved.
Subsequently the Maryland Life Insurance Company filed its
bill for the same purpose but charging, amongst other things,
that the Packwood farm known as "Woodstock," was liable for
the judgments recovered against the defendant Nelson.

Payne, as trustee, at the request of Porter, made sale of the
tract of land conveyed to secure his debt, and, after paying costs
and expenses, paid the Porter debt, leaving a small balance
in his hands, for which his administratrix accounted. As the
Garden judgment was prior to Porter's deed of trust, an effort

was made to hold Porter and the estate of Payne liable for the amount of the Porter debt paid to him out of the proceeds of sale by Payne, trustee.

The other facts sufficiently appear in the opinion of the court.

*James V. Brooke* and *J. P. Jeffries*, for the appellants.

*Blackford, Horsley & Blackford,* and *Eppa Hunton, Jr.,* for the appellees.

HARRISON, J., delivered the opinion of the court.

These causes were heard together in the court below. The principal question presented arises in the second suit, and involves the right of certain judgments against Joseph H. Nelson to rest as liens upon a tract of land held by him under the following circumstances.

By deed dated September 17, 1888, T. J. Packwood and Louisa his wife conveyed to Peter Wise the land in question upon the following trusts:

(1.) To permit Joseph H. Nelson to possess the same as if seised in fee, so long as he performed his covenants and paid to Packwood, or his wife, if she survived him, an annuity of $2,400 payable semi-annually.

(2.) Upon the death of both the grantors, to convey the land to Joseph H. Nelson, if he had performed his covenants.

(3.) To re-convey the land to Packwood, or to his wife if she survive him, upon default, of said Nelson continuing for ten days, in the payment of any semi-annual instalment of said annuity.

Joseph H. Nelson paid the annuity provided for in this deed until after the death of T. J. Packwood which occurred in December, 1891, and filed his bill in March, 1893, against Louisa Packwood charging that he had recently discovered that she had procured the contract on her part by fraud and misrepresentation

as to her age, which was alleged to be a most material representation in respect to such a contract, and praying that the contract might be rescinded, the deed set aside, and the parties placed in *statu quo*, by crediting him with such payment as he had made, under the contract, and charging him with rents and profits during his occupancy.

To this bill Louisa Packwood filed her answer asking that it be treated as a cross-bill, denying the charge of fraud and misrepresentation as to her age, and charging that Joseph H. Nelson was in default in paying the annuity provided for in the deed, and on that ground praying for a rescission of the contract, and that the trustee should be directed, in pursuance of the terms and conditions thereof, to re-convey the land to her.

On the 16th of November, 1893, the cause came on to be heard upon the pleadings, the depositions of witnesses and exhibits, and by consent of parties the court entered a decree rescinding, setting aside, and annulling the contract and deed in question, and restoring the parties to their original status by requiring Joseph H. Nelson and wife to unite with the trustee in a deed with special warranty of title re-conveying the land to Louisa Packwood upon the terms that she should pay back all moneys paid by Nelson under the contract subject to a credit for the rents and profits of the land during his occupancy thereof.

The evidence taken in that case is not copied into the record before us. It is, however, to be presumed from the pleadings therein, and the character of the decree entered, that the fraud and misrepresentation charged in the bill was established; but it is immaterial whether the contract and deed were set aside and annulled because of the fraud of Mrs. Packwood, or on account of the default of Nelson in paying the annuity. The result is the same in either case. By the terms of the contract Nelson was to have no interest in the land if he failed to pay the annuity. The effect of the decree, rescinding the contract, was to restore the parties to their original position, and under such circum-

stances judgments against Joseph H. Nelson could not attach as liens to the land sought to be subjected.

The sole object of the last named suit of *"Maryland Life Ins. Co.* v. *Nelson & als."* being to subject the land in question, as the last aliened by Joseph H. Nelson, to the payment of the judgments against him, and that purpose having failed, for the reason stated that said Nelson had no interest therein to which said judgments could attach as liens, there was no necessity to retain that cause longer on the docket, and it should have been dismissed.

It is further assigned as error that the proceeds of the sale made by A. D. Payne, trustee, under the deed given to secure a debt of $1,000 to Lewis Porter, were misapplied in being appropriated to the payment of that debt, instead of to the satisfaction of a prior lien, evidenced by a decree, in favor of H. R. Garden, commissioner; it being contended that the estate of A. D. Payne, trustee, and the estate of Lewis Porter should be made to account for the proceeds of that sale so far as the Porter debt was discharged thereby.

There is no merit in this contention. The deed of trust to secure Lewis Porter was executed several years before this suit was instituted by a sale of the land mentioned therein to O. M. Hiner, and nearly the whole of the purchase money was paid at the time and properly applied in paying the costs of executing the trust, and satisfying the debt which the deed was given to secure. A. D. Payne died before this suit was brought, and his executrix was made a party for the purpose of having a settlement of his accounts as trustee. That settlement showed a balance in the hands of the executrix of $143.19 which was directed by the decree complained of to be applied to the H. R. Garden lien. The trustee faithfully executed the trust reposed in him, and properly disbursed the fund that came to his hands, and we fail to perceive upon what principle his estate can be held responsible for the decree in favor of H. R. Garden.

Whether or not the land bought by O. M. Hiner from A. D. Payne, trustee, will have to contribute anything toward the payment of the lien in favor of H. R. Garden, cannot be determined, until the land primarily bound for that lien is sold. It is conceded that the decree in favor of H. R. Garden is the first lien on all the land of Joseph H. Nelson. The report of the master commissioner shows that the land aliened after that which was conveyed to secure the debts to Lewis Porter, is ample to satisfy the general lien; and the land last aliened being the primary security therefor it was proper to sell it before proceeding against the land of O. M. Hiner which would, according to the commissioner's report, never become liable.

For these reasons the decree appealed from must be reversed, and the cause remanded for further proceedings to be had therein in accordance with the views expressed in this opinion.

*Reversed.*