**UNITED STATES of America,**

v.

**Jeffrey Preston McCLUNG, Lois Ann McClung, Stephanie Lane McClung, Defendants.**

**No. CRIM.A. 97–0031–H.**

United States District Court, W.D. Virginia, Harrisonburg Division.

April 27, 1998.

Dabney Overton, Jr., Harrisonburg, VA, for Jeffery Preston McClung.

Danita S. Alt, Harrisonburg, VA, for Lois Ann McClung.

Walter Franklin Green, IV, Green & O'Donnell, Harrisonburg, VA, for Stephanie Lane McClung.

MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Before the court are the petitions of Rockingham Memorial Hospital and Harrisonburg Physicians for Anesthesiology, Inc., dated February 19, 1998 and February 12, 1998, respectively. The petitioners assert claims under 21 U.S.C. § 853(n) to certain property forfeited to the United States pursuant to the court's Preliminary Order of Forfeiture of October 9, 1997. The government has filed an April 14, 1998 reply in opposition to the third party claims. For the reasons spelled out more fully below, the court will deny the petitioners' claims to the forfeited property and enter a Final Order of Forfeiture. That Order, however, will stay the execution of forfeiture pending defendant Lois McClung's appeal.

## I.

The court has recited the relevant background of this case in a previous opinion. *United States v. McClung,* Cr. Action No. 97–0031–C, Mem. Op. at 1 (W.D.Va. Oct. 21, 1997). This second narration is taken, almost verbatim, from that earlier effort.

On September 27, 1997, a jury found all of the defendants guilty of violations of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance (COUNT I); found Jeffrey McClung guilty of a violation of 21 U.S.C. § 841, possession of marijuana with intent to distribute (COUNT II); found Jeffrey McClung guilty of two violations of 18 U.S.C. § 924(c), using or carrying a firearm in relation to a drug trafficking offense (COUNTS IV and V); and found Jeffrey and Lois McClung guilty of violations of 18 U.S.C. §§ 1957 and 2, money laundering (COUNT VI).

On September 29, 1997, the jury returned a special verdict finding that certain real and personal property named in the Indictment (including defendant Lois McClung's home, a quantity of currency, a vehicle, and several pistols) had been used by the defendants to facilitate the commission of the controlled substance violations or derived from the proceeds of drug money and, thus, was subject to forfeiture (COUNT VII).

## II.

### A. The Federal Forfeiture Statute and its Exceptions

■ Section 853(a) of Title 21 provides that real and personal property which derives from the proceeds of illegal drug activity or which is used to facilitate such activity is subject to criminal forfeiture. (West Supp. 1998). The statute continues:

All right, title, and interest in property described in subsection (a) of this section *vests in the United States upon the commission of the act giving rise to forfeiture under this section.* . . .

21 U.S.C. § 853(c) (emphasis added). In other words, a forfeiture order has a retroactive effect such that the government is deemed to have title to the forfeited property from the date of the underlying illegal activity. *In re Moffitt, Zwerling & Kemler, P.C.,* 846 F.Supp. 463, 476 (E.D.Va.1994), *aff'd sub. nom., United States v. Moffitt, Zwerling & Kemler, P.C.,* 83 F.3d 660 (4th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 788, 136 L.Ed.2d 730 (1997) (citation omitted). Title to forfeited property vests in the government at the time of the illicit conduct by virtue of the statute's "relation back" provision. 21 U.S.C. § 853(c).

Following the entry and publication of a preliminary forfeiture order, a third party claimant to the subject property may petition the court to adjudicate the validity of its alleged interest in the property. 21 U.S.C. § 853(n)(2). In order for the court to amend its preliminary forfeiture order to recognize that a third party claim to the property is superior to that of the government, a petitioner must establish by a preponderance of the evidence that:

(A) [T]he petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant *or was superior to any right, title, or interest of the defendant at the time of the commis-*

*sion of the acts which gave rise to the forfeiture of the property under this section;* or

(B) [T]he petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section....

21 U.S.C. § 853(n)(6) (emphasis added).

█] As to subsection (B), a *bona fide* purchaser at some time must have been a purchaser, for value, of the interest in the property and must have been, at the time of that purchase, reasonably without cause to believe that the property was subject to forfeiture. *United States v. Reckmeyer*, 836 F.2d 200, 204, 208 (4th Cir.1987). Such a purchaser must have given value to the defendant in an arms' length transaction with the expectation that the purchaser would receive the equivalent value in return, regardless of whether the arms' length transaction was completed prior to the entry of the forfeiture order. *Id.* at 208.

█ Here, Rockingham Memorial Hospital argues that it meets each *Reckmeyer* element and, thus, qualified as a *bona fide* purchaser, in form, of the McClung home in 1992 when it rendered medical services to Mrs. McClung. To the extent that the hospital claims it gave value, in the form of medical care, to the defendant with the expectation that it would be remunerated and without knowledge that she would be convicted, in 1997, of the marijuana conspiracy charged, the argument has a certain appeal. The petitioner, however, overlooks a fundamental flaw in its position—the hospital, in fact, never "purchased" the McClung home

now subject to forfeiture. While it may have been a "*bona fide* creditor," the hospital was never actually a "purchaser," *bona fide* or not. Accordingly, Rockingham Memorial Hospital cannot fall within the parameters of 21 U.S.C. § 853(n)(6)(B).[1] Rather, the hospital's money judgment against Lois McClung can only be superior to the government's legal interest in the property if it meets the requirements of 21 U.S.C. § 853(n)(6)(A).[2] The law of the Commonwealth of Virginia supports such a conclusion.

### B. The Petitioners' Judgments and Virginia Law

In the present case, the Preliminary Order of Forfeiture notes that, by virtue of 21 U.S.C. § 853(c), the government's interest in the subject property vested on or about January 1, 1981, the date that the McClung drug conspiracy began. Harrisonburg Physicians for Anesthesiology, Inc., asserts a claim for $731.00 for medical services it rendered to Lois McClung sometime in 1992. The petitioner apparently obtained a judgment (petitioner supplied this court with no copy) against Mrs. McClung in this amount docketed in the General District Court for the County of Rockingham. Similarly, Rockingham Memorial Hospital asserts claims totaling $50,048.81 for medical services rendered to Mrs. McClung in 1992. The hospital's judgments in this aggregate amount are docketed in the Rockingham County General District and Circuit courts.

█ Under Virginia law, a money judgment rendered by a Federal or State court normally results in a lien on the defendant's real property from the date of recordation in the judgment lien docket. Code of Virginia

---

**1.** To the extent Rockingham Memorial Hospital argued at the April 16, 1998 hearing of this matter that 21 U.S.C. § 853(*o*) supports its petition, the court is not inclined to agree. That section of the statute states, "The provisions of this section shall be liberally construed to effectuate its remedial purposes." Any liberal construction of the Federal forfeiture statute cuts not in favor of the petitioners, but rather against them. The purpose of the statute, after all, is to sanction illegal conduct by stripping drug dealers and conspirators of their economic power. *United States v. Ben–Hur*, 20 F.3d 313, 319 (7th Cir.1994); *United States v. Reckmeyer*, 631

F.Supp. 1191, 1196 (E.D.Va.1986) (subsequent case history and citations omitted).

**2.** The same is true of petitioner Harrisonburg Physicians for Anesthesiology's present claim for $731.00. The court specifically addresses only the claim of Rockingham Memorial Hospital in the context of the 21 U.S.C. § 853(n)(6)(B) provision because it alone argued at the hearing on the third party claims that it was a *bona fide* purchaser of the McClung home for purposes of that section of the statute.

(1950), Section 8.01–458. The money judgment becomes a lien on "all of the real estate of or to which the defendant in the judgment is or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien docket. . . ." *Id.* A judgment lien is a right given the judgment creditor to have his claim satisfied by the seizure of the land of his judgment debtor. *In re Washington,* 6 B.R. 226, 228 (Bankr.E.D.Va.1980) (citation omitted). The judgment creditor has no interest in or right of possession to the land of his debtor; he simply has a lien upon the land, and the right to subject it to the discharge of that lien. *McClanahan's Adm'r v. Norfolk & Western Railroad,* 122 Va. 705, 96 S.E. 453 (1918). The creditor possesses only the right to levy on the land for the purpose of satisfying the judgment. *Jones v. Hall,* 177 Va. 658, 15 S.E.2d 108, 110 (1941). Short of being levied against, the debtor's title to the land is *not* divested or transferred to the judgment creditor by virtue of the money judgment alone. *Id.* A judgment is only a lien against real estate; it extends to personalty only after execution on the real property. *Spence v. Repass,* 94 Va. 716, 27 S.E. 583 (1897).

■ "[A] judgment creditor can acquire no better right to the estate of a debtor than the debtor himself has when the judgment is recovered. . . . *The creditor is in no sense treated as a purchaser.*" 11A Michie's Juris., Judgments and Decrees, § 63 (1997) (citing, *inter alia, Barnes v. American Fertilizer Co.,* 144 Va. 692, 130 S.E. 902 (1925)) (emphasis added). The judgment debtor's title to his land is *not* divested or transferred to the judgment creditor by virtue of the judgment alone. *Jones, supra,* 15 S.E.2d at 110. When the judgment creditor actually does levy on the land, however, the creditor obtains legal title to the land which "relates back" to the time of his docketed judgment lien. 11A Michie's Juris., *supra.*

## C. Applying 21 U.S.C. § 853(n)(6)(A) to the Instant Facts

■ Because the petitioners never acquired legal title to the McClung home, in 1992 they did not occupy positions equal to, much less superior to, Mrs. McClung's status as legal owner of her home. By never levying on their judgment liens, petitioners possessed, at most, inchoate rights to the McClung property only after 1993 when they docketed the judgment liens. In 1981, the petitioners lacked even the nascent interests in the property which they would later acquire. By comparison, in 1981, the first year of the drug conspiracy, Lois McClung was the actual, titled owner of the property. For this reason, petitioners cannot show that in 1981 they possessed title to or interest in the McClung property "superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property. . .," as required by 21 U.S.C. § 853(n)(6)(A).[3]

Under the "relation back" doctrine of 21 U.S.C. § 853(c), the government's "right, title, and interest in" the McClung property "vest[ed] in the United States upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(c). Because the drug conspiracy Mrs. McClung was convicted of began in 1981, the government is deemed by the statute to have acquired legal title that same year to the forfeited property described in COUNT VII. Given that legal fiction, the petitioners' claims to all or part of the property subject to forfeiture are not superior, again either in fact or law, to the United States' interest under 21 U.S.C. §§ 853(a) and (c) to the McClung property.

## III.

For these reasons, the court will enter a Final Order of Forfeiture permitting the

---

**3.** Of course, the court recognizes that important medical policy considerations likely dissuaded the petitioners from seeking a Creditor's Bill levying on the McClung property and forcing its sale. Rockingham Memorial Hospital stated at the hearing of this matter, for example, that its policy is to provide medical care without regard to its ability later to collect compensation for its services. Notwithstanding the hospital's bill collection practices, it is this court's duty to apply the relevant law to the actual facts before it, though the operation of the law here makes this a "hard case." The court must resist making "bad law" that flows from efforts to ameliorate the rigors of the law as it clearly appears in this case. The old maxim that "hard cases make bad law" is especially applicable here.

United States Marshal to dispose of the assets named in COUNT VII and forfeited by the jury. That appropriate Order this day shall issue.

### FINAL ORDER OF FORFEITURE

Upon consideration of the October 9, 1997 Preliminary Order of Forfeiture, the February 12, 1998 Notice of Claim to Forfeited Property of Harrisonburg Physicians for Anesthesiology, Inc., the February 19, 1998 Notice of Claim to Forfeited Property of Rockingham Memorial Hospital, and the United States' April 14, 1998 Reply to Third Party Claims, and for the reasons stated more fully in the accompanying Memorandum Opinion, the court finds the following. The third party claims to the property subject to forfeiture are not well-taken because the interest of the United States in the same property described more fully in COUNT VII of the Indictment and in the Preliminary Order of Forfeiture is superior to the interests asserted by Harrisonburg Physicians for Anesthesiology, Inc. and by Rockingham Memorial Hospital. Accordingly, it is this day

### ADJUDGED AND ORDERED

that the October 9, 1997 Preliminary Order of Forfeiture, as amended by Orders of October 15, 1997 and December 9, 1997, shall be, and it hereby is, made the Final Order of Forfeiture with the same property described therein FORFEITED to the United States of America. It is further adjudged and ordered that the United States Marshal Service shall be, and it hereby is, EMPOWERED to dispose of the property described in the October 9, 1997 Preliminary Order of Forfeiture, as amended, in the same manner described therein. It is finally adjudged and ordered that execution by the United States Marshal Service of this Order shall be, and it hereby is, STAYED pending Lois McClung's appeal of her conviction and sentence to the United States Court of Appeals for the Fourth Circuit.