**In re Gary Joseph GRIFFIN, Debtor.**

**No. 08–50237.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Dec. 2, 2008.

Roland S. Carlton, Jr., Staunton, VA, for Debtor.

Herbert L. Beskins, Charlottesville, VA, for Trustee.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District this *2nd* day of December 2008:

The matter before the Court is Debtor Gary Joseph Griffin's objection to the secured claim of Ford Motor Credit Company, LLC. The Court conducted a hearing on the objection on July 30, 2008. Both parties submitted authorities in support of their respective positions. After due consideration of the evidence and authorities, and for the reasons stated herein, the objection is overruled.

## FACTS

The facts relevant to a decision in this matter are not in dispute. On March 14, 2008 Gary Joseph Griffin ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Ford Motor Credit Company, LLC ("Ford Credit") filed a secured claim in the amount of $8,750.86 on March 20, 2008. Debtor objected to Ford Credit's claim on May 26, 2008.

Ford Credit's claim arises from a judgment obtained against Debtor in the General District Court for the City of Staunton, Virginia. The abstract of judgment was docketed by Ford Credit in the City of Staunton Circuit Court on October 11, 2007 in the amount of $7,542.34 plus six percent interest per annum from the date of judgment. Ford Credit's claim of $8,750.86 reflects interest on the principal judgment amount and additional fees. Ford Credit asserts that its claim is secured by any of Debtor's real property located in Staunton, Virginia.

Debtor indicates on Schedule A of his bankruptcy petition that he is the fee simple owner of real property located at 808 Sudbury Street, Staunton, Virginia 24401 (the "Staunton Property"). Debtor purchased the Staunton Property pursuant to an installment contract of sale (the "HAL Contract") between Debtor and HAL Properties, LLC ("HAL") dated January 2, 2006. Debtor agreed to pay to HAL the purchase price of $150,000.00 plus five percent interest per annum by making monthly installments of $1,157.72 beginning February 1, 2006 until January 2, 2011. HAL agreed "to convey the [Staunton] Property to [Debtor] by General Warranty Deed ... when the entire balance of the sales price, with accrued interest, and any other sums payable to [HAL] by [Debtor], has been paid in full." (Debtor's Objection to Claim # 1 Ex. A at 2.) Schedule A reflects that the Staunton Property was valued at $177,170.00 and HAL's secured claim was

for \$135,270.82 as of the petition date.[1] Debtor therefore made pre-petition payments towards principal of approximately \$14,729.18. HAL recorded the contract on March 12, 2008, two days prior to Debtor's bankruptcy filing.

Debtor filed an objection to Ford Credit's secured claim on May 26, 2008. The Debtor argues that Ford Credit's claim is unsecured because he does not possess an interest in the Staunton Property to which Ford Credit's judgment lien attached. Ford Credit responds that Debtor's interest is 'real estate' that secures its judgment lien.

## DISCUSSION

The issues presented for review are: (1) whether Debtor's interest in real property subject to an executory installment sale contract constitutes 'real estate' to which Ford Credit's judgment lien attached; and (2) if so, whether Ford Credit's claim is secured. The Court need not consider the effect of the failure to record an executory contract to purchase real estate as the parties complied with Virginia's statutory recordation requirements.[2] The Court holds that Ford Credit's judgment lien

attached to Debtor's interest in the Staunton Property and is fully secured by Debtor's equity in that property.

### I. Ford Credit's Judgment Lien Attached to Debtor's Interest in the Staunton Property.

■ Ford Credit's judgment lien attached to Debtor's equitable interest in the Staunton Property. In making its determination the Court analyzes the statutory basis for a judgment lien in Virginia and what constitutes 'real estate' under Virginia common law. The Court then applies these principles to the factual situation presented in this case.

■ Section 8.01–458 of the Virginia Code provides that "[e]very judgment for money … shall be a lien on all the real estate of or to which the defendant in the judgment is or becomes possessed or entitled, from the time such judgment is recorded on the judgment lien docket of the clerk's office … where such land is situated." Va.Code Ann. § 8.01–458 (2008). The vendee's interest in real property subject to an executory contract of sale is 'real

---

1. Debtor's Original and Amended Schedule D and Summary of Schedules indicate that HAL's secured claim is \$135,270.80.

2. Virginia law requires that contracts for the sale of real estate be recorded to perfect a vendee's rights against subsequent purchasers for value from or creditors of the vendor. In Virginia "[e]very contract, not in writing, … made for the conveyance or sale of real estate, … shall be void, both at law and in equity, as to purchasers for value and without notice and creditors." Va.Code Ann. § 11–1 (2008). Section 55–95 of the Virginia Code states that:

> [a]ny such contract or bill of sale as is mentioned in § 11–1, if in writing and signed by the owner of the property, shall, from the time it is duly admitted to the record, be, as against creditors and purchasers, as valid, so far as it affects real

estate, as if the contract were a deed conveying the estate or interest embraced in the contract.

*Id.* § 55–95. Conversely, section 55–96 provides that "[e]very … such contract in writing … shall be void as to all purchasers for valuable consideration without notice not parties thereto and lien creditors, until and except from the time it is duly admitted to record in the county or city wherein the property embraced in such contract … may be." *Id.* § 55–96.

In this case, the HAL Contract was properly recorded on March 12, 2008. As no subsequent purchaser for value from or other creditor of HAL claimed to have acquired an interest in the Staunton Property prior to recordation of the HAL Contract, this Court need not consider the effect of the failure to record on the parties' interests in this case.

estate' within the meaning of section 8.01–458. A vendee acquires equitable title to real property upon entering into a contract of sale. *Sale v. Swann,* 138 Va. 198, 208, 120 S.E. 870, 873 (1924). Virginia law does not distinguish between contracts that are wholly executory and those that have been partially performed. Equitable title passes to the vendee even if the contract is "wholly executory."[3] *Id.* The vendee's equitable title entails "real beneficial ownership." *Johnson v. Merritt,* 125 Va. 162, 173, 99 S.E. 785, 788 (1919) (citations and internal quotation marks omitted). The vendee "may convey or incumber [sic] [the real property]." *Sale,* 138 Va. at 208, 120 S.E. at 873. Equity therefore "convert[s] ... the vendee['s interest under an executory contract to purchase real property] ... into real estate." *Johnson,* 125 Va. at 173, 99 S.E. at 788 (citations and internal quotation marks omitted).

In Virginia a judgment lien attaches to a vendee's interest in real property subject to an executory contract. A vendee yet to fully perform under an executory agreement to purchase real property possesses an equitable interest to which a judgment lien may attach. *See Mize v. Pennington Gap Bank,* 161 Va. 265, 274, 170 S.E. 594, 597 (1933).[4] A judgment lien will attach to a vendee's equitable interest in real property regardless of whether he also possesses legal title. *See Flanary v. Kane,* 102 Va. 547, 551, 46 S.E. 312, 313 (1904).[5]

A judgment lien will attach to a vendee's equitable interest only if he possesses such interest at the time of the judgment's docketing or acquires it thereafter. Such lien cannot attach to a vendee's rights under an executory contract that was assigned prior to the date of the

3. 'Executory' means "[t]hat which is yet to be fully executed or performed; that which remains to be carried into operation or effect; incomplete; depending upon a future performance or event." *Black's Law Dictionary* 570 (6th ed.1990).

4. The Virginia Supreme Court held in *Mize v. Pennington Gap Bank,* 161 Va. 265, 170 S.E. 594 (1933), that a vendee yet to fully perform under an executory agreement to purchase real property has an equitable interest to which a judgment lien attaches. In *Mize* the vendee purchased real property at a judicial sale. *Id.* at 268, 170 S.E. at 595. A creditor subsequently obtained a judgment against the vendee. *Id.* at 269, 170 S.E. at 595. The vendee failed to perform under the terms of the confirmed sale. *Id.* at 268, 170 S.E. at 595. The trial court then resold the property to a third party for an amount in excess of that which the vendee agreed to pay. *Id.* The trial court determined that the excess was property of the vendee. *Id.* at 269, 170 S.E. at 595. After the court's resale the judgment creditor moved to attach its lien to the excess proceeds held by the court in trust for the vendee. *Id.* at 270, 170 S.E. at 595–96. The Virginia Supreme Court held that the defaulting vendee's interest in the sales proceeds should be treated as realty subject to a judg-

ment lien. *Id.* at 274, 170 S.E. at 597. The court therefore acknowledged that the vendee possessed an interest in real estate despite the fact that he failed to fully perform under the executory sale agreement.

5. The Virginia Supreme Court's holding in *Flanary v. Kane,* 102 Va. 547, 46 S.E. 312 (1904), suggests that a judgment lien attaches to a judgment debtor's equitable interest in real estate regardless of whether he also possesses legal title to the property. In *Flanary* the vendee paid for real property and directed the vendor to convey it to a third party. *Id.* at 551, 46 S.E. at 313. Judgments against the vendee were outstanding at the time of the conveyance. *Id.* The Virginia Supreme Court found that the vendee was equitable owner of the real property. *Id.* The court held that docketed judgment liens attached to vendee's equitable interest despite the fact that the vendor conveyed legal title to the parcel directly to an assignee at the vendee's direction. *See id.* By ruling in this manner the court recognized that a complete division of equitable and legal title does not preclude a judgment lien from attaching to a judgment debtor's equitable interest.

judgment's docketing. *Powell v. Bell's Adm'r*, 81 Va. 222, 234 (1885).[6] A judgment lien also cannot attach to a vendee's interest under an executory contract rescinded prior to the docketing of the creditors' judgments. *Nelson v. Turner*, 97 Va. 54, 57–58, 33 S.E. 390, 391 (1899).[7]

In this case, Ford Credit's judgment lien attached to Debtor's equitable interest in the Staunton Property. The HAL Contract is an executory installment contract under which neither party has fully performed. Debtor made some pre-petition payments to HAL, but HAL will only convey legal title to Debtor upon full satisfaction of the purchase price. In Virginia, however, equitable title belongs to the vendee even where a contract is wholly executory. The HAL Contract therefore vested equitable title to the Staunton Property in Debtor on January 2, 2006. A judgment lien may attach to Debtor's equitable interest because it is 'real estate' within the meaning of Virginia Code section 8.01–458. In this case the judgment lien of Ford Credit attached on October 11, 2007, the date the abstract of judgment was docketed, and was perfected on March 12, 2008, when the contract was recorded.

## II. Ford Credit's Judgment Lien is Secured by Debtor's Equity in the Staunton Property.

■ Ford Credit's judgment lien is fully secured by Debtor's equity in the Staunton Property. In arriving at this conclusion the Court analyzes the vendor's equitable lien against realty subject to an executory contract of sale, a judgment creditor's rights in a judgment debtor's real estate, and the priority as between a judgment

6. The Virginia Supreme Court's holding in *Powell v. Bell's Adm'r*, 81 Va. 222 (1885), implies that a judgment lien attaches to an executory contract to purchase real property that has not been assigned to a third party prior to the date of the judgment's docketing. In *Powell* the vendee purchased real property by parol contract and paid the vendor only one-third of the purchase price at the time of contract. *Id.* at 231. The vendee later conveyed his interest in the real property to a third party by parol contract for value. *Id.* Judgment creditors subsequently sought to enforce their judgment against the vendee's real estate. *Id.* The Virginia Supreme Court held that the lien did not attach to the vendee's interest in the real property because he "divested himself of all his claim and interest before the judgment was recovered." *Id.* at 234. In so holding the court implicitly states that the judgment lien would have attached to the vendee's interest in the property had it not been conveyed prior to the docketing of the judgment lien.

7. The corollary to the Virginia Supreme Court's holding in *Nelson v. Turner*, 97 Va. 54, 33 S.E. 390 (1899), is that a judgment lien can attach to an executory contract for the sale of real property that has not been rescinded prior to the docketing of the creditors' judgments. In *Nelson* the vendors conveyed by deed real property to be held in trust for the benefit of the vendee. *Id.* at 56, 33 S.E. at 390, 391. If the vendee fulfilled his obligations under the deed, upon the death of both vendors he would receive a fee simple interest in the property. *Id.* at 56, 33 S.E. at 391. The vendee, however, subsequently filed a bill alleging fraud in the inducement of the contract. *Id.* at 56–57, 33 S.E. at 391. The surviving vendor filed a cross bill denying the allegation of fraud and charging that the vendee was in default on his obligations. *Id.* at 57, 33 S.E. at 391. The trial court entered a decree rescinding the contract and deed in question and restoring the parties to their original status. *Id.* Subsequent to the trial court's decree, judgment creditors obtained judgments against the vendee and attempted to subject the vendee's interest in the real property to their judgment liens. *Id.* The Virginia Supreme Court held that the judgment liens against the vendee did not attach as the prior court decree rescinded the contract and the vendee "had no interest" in the subject property. *Id.* at 57–58, 33 S.E. at 391. In ruling on these grounds, the court assumed that the judgment lien would have attached to the vendee's interest but for the trial court's decree.

creditor and the vendor. The Court then applies these principles to the factual situation presented in this case.

■ A vendor that retains legal title to real estate sold pursuant to an executory contract of sale possesses an equitable lien securing the unpaid balance of the purchase price. Section 55–53 of the Virginia Code provides that "[i]f any person hereafter convey any real estate and the purchase money or any part thereof remain unpaid at the time of the conveyance, he shall not thereby have a lien for such unpaid purchase money, unless such lien is expressly reserved on the face of the conveyance." Va.Code Ann. § 55–53 (2008). The statute abolishes the common law vendor's lien in Virginia.

Virginia Code section 55–53 does not apply, however, where the vendor does not convey legal title. *Day v. Hale,* 63 Va. (22 Gratt.) 146, 163 (1872) (stating with respect to a predecessor of current section 55–53 that "when no conveyance is made, the case is not within the purview of the statute, and the law is the same as it was before the statute was enacted"); 19 Michie's Jurisprudence of Virginia and West Virginia, Vendor and Purchaser § 68 (2007). The vendor can only be compelled to convey legal title upon payment in full. *Day,* 63 Va. at 164 (finding that "the vendor has recourse upon the land, notwithstanding [that] the vendee gave personal or other security for the purchase money . . . or the incumbrancer [sic], had no notice that the purchase money, or any part of it, was unpaid"); 19 Michie's Jurisprudence of Virginia and West Virginia, Vendor and Purchaser §§ 68, 69 (2007). A vendor that retains legal title therefore has an equitable lien securing the balance of the purchase price.

■ A vendor's lien has priority over a judgment lien against the vendee. *Kline v. Triplett,* 25 S.E. 886, 886–87 (1896); 19

Michie's Jurisprudence of Virginia and West Virginia, Vendor and Purchaser § 76 (2007). A judgment lien is a "right given the judgment creditor to have his claim satisfied by the seizure of the land of his judgment debtor." *U.S. v. McClung,* 6 F.Supp.2d 548, 552 (W.D.Va.1998) (citations omitted). The judgment creditor may not, however, acquire better title in the property than the judgment debtor possesses when the judgment is recovered. *Id.* The judgment lienor takes the property subject to every liability under which the debtor held it. 11A Michie's Jurisprudence of Virginia and West Virginia, Judgments and Decrees § 63 (2007). This includes a vendor's lien. *Kline,* 25 S.E. at 886–87. A vendor's equitable lien has priority over all subsequent liens, including judgment liens. 19 Michie's Jurisprudence of Virginia and West Virginia, Vendor and Purchaser § 74 (2007); *see Day,* 63 Va. at 164.

A judgment lien may be secured by the vendee's equity in real estate subject to a vendor's lien. The vendee's equitable interest in realty subject to an executory contract reserving legal title in the vendor is "subject . . . to a lien of the vendor as security for the purchase price as long as that remains unpaid." *Johnson v. Merritt,* 125 Va. 162, 173, 99 S.E. 785, 788 (1919) (citations and internal quotation marks omitted). The U.S. Supreme Court stated in *Jennisons v. Leonard,* 88 U.S. 302, 308, 21 Wall. 302, 22 L.Ed. 539 (1874), that "[a]s the [vendee's] payments increase, his equitable interest increases." *Id.* The vendor is "trustee of the legal title for the vendee to the extent of his payment." *Id.* The value of the vendee's interest is equal to the current market value of the property less the unpaid balance of the purchase price when the property is otherwise unencumbered (or the vendee's 'equity' in the

property).[8] *See Mize v. Pennington Gap Bank, Inc.*, 161 Va. 265, 270, 170 S.E. 594, 595–96 (1933); 13A Michie's Jurisprudence of Virginia and West Virginia, Mortgages and Deeds of Trust § 144 (2007). A lien subordinate to the vendor's lien may be secured by the vendee's equity.

In this case, Ford Credit's judgment lien is subordinate to HAL's equitable lien securing the balance of the purchase price. HAL expressly agreed to convey legal title to Debtor only upon payment of the entire balance of the sale price. HAL's retention of legal title preserves its right to an equitable lien. Debtor's interest in the Staunton Property is therefore subject to HAL's vendor's lien. As a judgment creditor cannot acquire better title than the debtor possesses, HAL's vendor's lien under the HAL Contract is also superior to Ford Credit's judgment lien.

Ford Credit's judgment lien is secured by Debtor's equity in the Staunton Property. HAL possesses a vendor's lien securing the $135,270.82 owed under the HAL Contract as of the petition date. Debtor's schedules reflect that the Staunton Property is worth $177,170.00. Debtor therefore had equity of $41,899.18 in the property as of the petition date. As Debtor's equity exceeds Ford Credit's claim of $8,750.86, the claim is fully secured by Debtor's interest in the Staunton Property.

## CONCLUSION

The Court concludes that Ford Credit's claim is fully secured by Debtor's interest in the Staunton Property. Virginia Code section 8.01–458 provides that a judgment is a lien on all the real estate that a judgment debtor possesses on or after the date of the judgment's docketing. In Virginia a vendee's equitable interest in real property subject to an executory contract is 'real estate' to which a judgment lien may attach. Debtor's interest in the Staunton Property is therefore 'real estate' that became subject to Ford Credit's judgment lien when it was docketed.

Ford Credit's claim is fully secured by Debtor's interest in the Staunton Property. A vendor that retains legal title to real property sold pursuant to an executory contract possesses an equitable lien securing full payment of the purchase price. The vendee acquires equitable title subject to the vendor's lien. As a judgment creditor cannot acquire better title to real estate than the judgment debtor possesses, a judgment lien is subordinate to the vendor's lien. A subordinate lien may nonetheless be secured by the debtor's equity in the real estate. Ford Credit's judgment lien is thus subordinate to HAL's vendor's lien securing the unpaid balance of the purchase price under the HAL Contract. Debtor, however, has sufficient equity of $41,899.18 to satisfy Ford Credit's claim. Ford Credit's claim in the amount of $8,750.86 is therefore fully secured by Debtor's interest in the Staunton Property. Accordingly, it is

## ORDERED:

That Debtor's Objection to Ford Credit's Claim is hereby **OVERRULED.**

Copies of this order are directed to be sent to counsel for Debtor, Roland S. Carlton, Jr., Esq., Carlton Legal Services, P.L.C., 118 MacTanly Place, Staunton, VA 24401; counsel for Ford Motor Credit Company LLC, Earnest C. Vaughan, Jr.,

---

8. 'Equity' is "[t]he remaining interest belonging to one who has pledged or mortgaged his property, or the surplus of value which may remain after the property has been disposed of for the satisfaction of liens.... The difference between the fair market value and debt in property." *Black's Law Dictionary* 540 (6th ed.1990).

Esq., Randolph, Boyd, Cherry & Vaughan, 14 East Main Street, Richmond, VA 23219; and to the Chapter 13 trustee, Herbert Beskin, Esq., P.O. Box 2103, Charlottesville, VA 22902–2103.