**In re Harrison Lee BROWN, and Loretta Jeanene Brown, Debtors.**

No. 10–70974.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Sept. 14, 2010.

Richard E.B. Foster, Richard E.B. Foster, PLLC, Roanoke, for Debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on September 9, 2010, to consider the Debtors' Amended Motion to Avoid Lien, filed on August 9, 2010 (hereafter the "Motion"). The Debtors seek to avoid two judgment liens held by Midland Funding, LLC pursuant to 11 U.S.C. § 522(f). Midland Funding, LLC was properly served notice of the hearing but did not respond to the motion and did not appear at the September 9, 2010 hearing. Therefore, Midland Funding, LLC is in default. After considering the pleadings the Court makes the following findings of fact and conclusions of law.

The Debtors filed their Chapter 7 petition on April 20, 2010. The Debtors' 11 U.S.C. § 341 meeting was held on May 20, 2010. On May 20, 2010, the Debtors filed their Homestead Deed in which the Debtors claimed a $7,000.00 exemption (hereafter the "Exemption") in real property located at 207 Falcon Road, Rocky Mount, VA 24151 (hereafter the "Property").

On September 19, 2008, Midland Funding, LLC obtained a $9,548.43 judgment lien against the Debtors (hereafter the "September Lien"). On March 29, 2010, Midland Funding, LLC obtained a $13,560.00 judgment lien against the Debtors (hereafter the "March Lien"). Pursuant to Va.Code § 8.01–458 the September Lien and the March Lien attached to the Property. *In re Griffin*, 397 B.R. 356 (Bankr.W.D.Va.2008).

The Debtors assert that the September and March Liens impair their exemption in the Property and seek to have the liens avoided in accordance with 11 U.S.C. § 522(f).

11 U.S.C. § 522(f)(1) states, in relevant part,

[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

11 U.S.C. § 522(f)(1) (West, 2010). In order to determine if a lien impairs an exemption to which the debtor would have been entitled, § 522(f)(2)(A) states,

For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2) (West, 2010). In this case, the Debtors are seeking to avoid multiple judgment liens. § 522(f)(2)(B) states that "In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens." 11 U.S.C. § 522(f)(2)(B) (West, 2010).

In this case the figures needed to complete the formula stated in § 522(f)(2)(A) are as follows: (1) the value of the property is $100,300.00; (2) the value of the September Lien is $9,548.43; (3) the value of the March Lien is $13,560.00; (4) GMAC Mortgage, LLC holds a first deed of trust secured by the Property that is valued at $86,635.00; (5) the Exemption is valued at $7,000.00.

The first step required under § 522(f)(2)(A) is to add the lien which the debtor is seeking to avoid, the total of all other encumbrances on the subject property, and the amount of the exemption the debtor has claimed in the subject property. However, it is at this point that the question at issue in this case arises. Specifically, the issue is, when the debtor is seeking to avoid multiple judgment liens, which judgment is to be avoided first. *In re White*, 337 B.R. 686, 691 (Bankr.N.D.Ca. 2005) holds that in cases where a debtor is seeking to have multiple judgment liens avoided, "[a]pplications of the formula in § 522(f)(2)(A) requires that the liens be subtracted in order of reverse priority and that those that are avoided not be included in the calculations."

The Court adopts the ruling in *White*. In this case, the first lien to be avoided is the March Lien since it is the junior judgment lien. The total value of the March Lien, all other encumbrances on the Property, and the Exemption is $116,743.43 [1]. The aggregate value exceeds the value of the Property by $16,443.43 [2]. Thus, the amount of the impairment caused by the March Lien is $16,443.43. Since the amount of the impairment exceeds the value of the March Lien, the March Lien is avoided in its entirety pursuant to § 522(f)(1).

The Court now turns to determining whether the September Lien should be avoided. Pursuant to § 522(f)(2)(B), once a judgment lien has been avoided its value cannot be used to determine whether a more senior judgment lien can be avoided. Thus, the total value of the September lien, all other encumbrances on the Property, and the Exemption is $103,183.43 [3]. The aggregate value exceeds the value of the Property by $2,883.43 [4]. Thus, the amount of the impairment caused by the September Lien is $2,883.43. In order to determine how much of the September Lien should be avoided the Court subtracts the $2,833.43 impairment from the value of the September Lien, $9,548.43. The difference between these numbers is $6,665.00, which is the value of the Sep-

---

1. $116,743.43 = $13,560.00 (the March Lien that is to be avoided) + $9,548.43 (the September Lien) + $86,635.00 (the value of the deed of trust) + $7,000.00 (the value of the Exemption).

2. $16,443.43 = $116,743.43 (see footnote 1) - $100,300.00 (the value of the Property).

3. $103,183.43 = $9,548.43 (the September Lien which is to be avoided) + $86,635.00 (the value of the deed of trust) + $7,000.00 (the value of the Exemption).

4. $2,833.43 = $103,183.43 (see footnote 3) - $100,300.00 (the value of the Property).

tember Lien minus the value of the impairment. Therefore, $2,833.43 of the September Lien is avoided but $6,665.00 of the September Lien remains attached to the Property. Accordingly, it is

**ORDERED**

That the Debtors' Motion to Avoid Lien of Midland Funding, LLC is hereby **GRANTED.** The judgment lien held by Midland Funding, LLC obtained on March 29, 2010, is avoided in its entirety. The judgment lien held by Midland Funding, LLC obtained on September 19, 2008, is avoided in the amount of $2,833.43 with $6,665.00 remaining attached to the Debtors' real property located at 207 Falcon Road, Rocky Mount, VA 24151.

Copies of this Order are directed to be sent to: counsel for the Debtors, Richard E.B. Foster, Esquire; to Midland Funding LLC, 8875 Aero Drive, Suite 200, San Diego, CA 92123, attention Marie Bola, Legal Department; and to the Chapter 7 Trustee, William E. Callahan, Jr., Esquire.